## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTHERN LEAGUE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No: 07 C 6585 |
| JEFFREY EARL GIDNEY and P. DANIEL | ) | |
| ORLICH, | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MR. GIDNEY'S AND MR. ORLICH's MOTION TO DISMISS

### INTRODUCTION

The Edmonton Cracker Cats and Calgary Vipers, independent baseball teams owned by

the Northern League in Edmonton, Inc., a Florida corporation, and J. E. Gidney Holdings, Inc., a

Canadian corporation, respectively, participated in the Northern League (the "League") during

the 2005, 2006, and 2007 seasons, along with other teams including those located in Fargo,

North Dakota, Gary Indiana, Joliet, Illinois, Kansas City, Kansas, Schaumburg, Illinois and

Winnipeg, Manitoba, Canada. At the close of the 2007 season, the other clubs forced the

Edmonton Cracker Cats and the Calgary Vipers to leave the League. The League contends that it

was the victim and seeks monetary relief as well as the Edmonton Cracker Cats' and Calgary

Vipers' property. (Cmplt., ¶22). However, the League, Mr. Gidney and Mr. Orlich are not even

parties to the "Agreement of Eight"–the purported basis for significant monetary relief sought.

1

(Complaint, Exhibit E).  Thus, because the lawsuit is not brought by the proper  party and is not

brought against proper defendants, it must be dismissed.  See  Rule 17, Fed. R. Civ. Pro. The

League seeks to mask this problem by designating the complaint as one for declaratory relief.

However, it plainly is nothing more than a breach of contract action brought by the wrong party

against the wrong defendants.

Second, the League's Complaint does not satisfy the notice pleading standards of Rule

8(a), Fed. R. Civ. Pro., and must be dismissed pursuant to 12(b)(6), Fed. R. Civ. P.

Third, the League,  perhaps in an effort to obfuscate the fact that the lawsuit plainly is

brought by the wrong party against the wrong defendants, seeks the "interpretation" of four

separate agreements in a single count.  This is not permitted.  Rule 10(b), Fed. R. Civ. P requires

that the "controversies" (Cmplt., ¶1) surrounding each of these agreements be brought in a

"separate count."

Accordingly, the Complaint must be dismissed.

## BACKGROUND[1]

On February 8, 2005, Mr. Gidney purchased 1,000 shares of Northern League stock, and

"Expansion Rights to the Market" that allowed him to operate a league team in Calgary, Alberta,

Canada.  (Exhibit B at 1-2).  On April 10, 2005, Mr. Orlich entered into a similar transaction.

Mr. Orlich purchased 1,000 shares of League stock and expansion rights that allowed him to

operate a league team in Edmonton, Alberta, Canada. (Exhibit D at 1).  Neither Mr. Gidney nor

Mr. Orlich purchased a baseball team or anything other than stock and expansion rights from the

---

[1]  These "facts" are those contained in the Complaint and the Exhibits, the League
attached to the Complaint and are only accepted as true, for purposes of the instant motion.

League.

The Northern League's Constitution, which is referenced in Mr. Gidney's Expansion Rights and Stock Purchase Agreement[2] but not Mr. Orlich's, provides for "Voluntary Termination" from the League upon notification to the League that the club "will not operate its membership the following season." (Exhibit A, Constitution Art. III,  ¶4). The Constitution also provides for involuntary termination for refusal to play a championship game, permitting gambling at a club facility, fixing a baseball game, failing to fulfill contractual obligations, willful violations of the League's Constitution, or disbanding the team.  (Exhibit A, Constitution, Art. III, ¶7(b-g)). The  Constitution further provides that "in lieu of forfeiture of membership, the League may impose a fine or penalty." (Exhibit A, Constitution, Art. III, ¶8c).  And the  League is only vested with  title to "items bearing the League insignia"—nothing else.     (Exhibit A, Constitution, Art. 7).

After the 2005 season, four baseball teams voluntarily left the then 12-team League. The remaining eight teams–not the League–entered into "An Agreement Of Eight Northern League Teams."  (Exhibit E).  The agreement provides that the "remaining eight teams of the Northen League, Fargo-Moorhead; Gary Southshore, Joliet, Kansas City, Schaumburg, Winnipeg, Edmonton, and Calgary desire to continue the business of the Northern League."  The agreement provides that it "may be enforced against any Team."  The Teams–not the League, Mr. Gidney or Mr. Orlich–are signatories to the Agreement.  (Exhibit E).  Yet, the teams are not parties to the lawsuit.  Instead, the League seeks to enforce rights under the agreement against Mr. Gidney and

---

[2] Actually, an entity to be formed by Mr. Gidney is the purchaser, not Mr. Gidney. (See Exhibit B).

3

Mr. Orlich, personally. (Cmplt., ¶22(a).  Plainly, this is not permitted.

## ARGUMENT

### I.
### THE LEAGUE IS NOT THE PROPER PLAINTIFF AND MR. GIDNEY AND MR. ORLICH ARE NOT PROPER DEFENDANTS

"Every action shall be prosecuted in the name of the real party in interest." Rule 17(a),

Fed. R. Civ. Pro. In Price v. Crestar Securities Corp., 44 F. Supp.2d 351, 354-55 (Dist. Col.

1999), Alice Price held a trading account with defendant.  The court dismissed claims brought by

Alice Price's husband, William Price,  for purported misconduct in connection with her account

because she, as the account holder, was the real party in interest.  U.S. Fax Law Center v. IHIRE

Inc., 373 F. Supp. 2d 1208, 1210 (D. Col. 2005) held  that plaintiff did not satisfy the criteria of

Rule 17(a) because it was not a valid assignee.  Richards v. Berry, 611 F.2d 545 n. 2(5th Cir.

1980) concluded that the client was required to be made a party in interest to a proceeding to

recover attorneys fees in an employment discrimination action because the claim needed to be

pursued by the party who "possesses the right sought to be enforced" even if the monies would

ultimately go to the lawyers. See also Contract Buyers League v. F & F Investment, 300 F. Supp.

210, 230-31 (N.D. Ill. 1969)(unincorporated association cannot pursue claims on behalf of its

members).[3]

---

[3]  Under Rule 17(a), the Court would employ Illinois choice-of-law rules to determine which states law should be employed to determine if the League is a proper party. In re Air Crash, 644 F.2d 594 (7th Cir. 1981), Stichting Ter Behartiging v. Schreiber, 407 F.3d 34, 49-50 (2nd Cir. 2005). Here, however there exist no conflict which necessitates a "messy" choice-of law analysis where the parties and occurrences are spread out across numerous states and Canada. Barron v. Ford Motor Co., 965 F.2d 195, 197 (7th Cir. 1992).

Here, the League is not a party to the "Agreement of Eight," which provides redress to the teams, not the League, in the event of a breach. Thus, the League fails to satisfy the criteria of Rule 17(a).

Similarly, Messrs. Gidney and Orlich, who are not parties to the Agreement of Eight, cannot be sued for purportedly breaching that agreement. See e.g. Koppers Inc. v. Garling & Langois, 594 F.2d 1094, 1098 (6th Cir. 1979).[4]

The dismissal of the claims pertaining to "Agreement of Eight" must be with prejudice, because a plaintiff without a claim cannot substitute *itself* for a party with "claims" and different defendants. "[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting, new plaintiffs, a new class, and a new cause of action." Summit Office Park Inc. v. United States Steel Corp., 639 F.2d 1278, 1282 (5th Cir. 1981). Accord Lans v. Gateway 2000 Inc., 84 F. Supp. 2d 112, 120 (Dist. Columbia 1999); Rule 17 Comments to the 1966 Amendments.[5]

The League cannot avoid Rule 17 dismissal by styling its complaint one for "declaratory relief." The label attached to a pleading does not control. Del Monte Fresh Produce N.A., Inc. v. Transportation Ins. Co., 500 F.3d 640, 644 (7th Cir. 2007)(substance of allegations govern, "not the legal label that the plaintiff attaches"); Arrowpoint Capital Corp. v. Pompa, 2007 WL 3407116 at *2 (N.D.Ill. November 8, 2007)(Der-Yeghiayan, J.); Senior v. Braden, 295 U.S. 422,

---

[4] We are aware of no law from any jurisdiction that suggests that a *non-party* can be sued for breach of contract.

[5] A federal court would have diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(3) over contract claims brought by Messrs. Orlich's and Gidney's teams against the other six clubs and the League, and *vice versa*. See e.g. Karzanos v. Madison Two Associates, 147 F.3d 624, 626-27 (7th Cir. 1998).

429 (1935)("our concern is with realities, not nomenclature"). Whether a complaint is truly one
for declaratory relief is a function of the relief actually sought. In <u>Snodgrass v. Provident Life
and Accident Ins. Co.</u>, 147 F.3d 1163, 1167 (9th Cir. 1998), the court determined that a complaint
was not for declaratory relief, because "the essence of this case is a suit for damages." Thus, it
reversed the district court's declination to hear the case, which had been based upon the action
being one for declaratory relief. In <u>Hansen v. Ahlgrimm</u>, 520 F.2d 768 (7th Cir. 1975), plaintiff
attempted to avoid the immunity afforded a state court judge by styling an action as one for
declaratory relief. The Seventh Circuit rejected this gambit and affirmed the dismissal on
immunity grounds, concluding that "the declaratory relief portion of plaintiff's prayer [for relief]
is no more than an implicit predicate to his request for damages." <u>Id.</u> at 769-70.

    That is precisely the case here, where plaintiff seeks a "declaration": (1) that "each
defendant is obligated to pay $2 million (U.S.) to the other members of the Northern League
pursuant to the Agreement of Eight"; (2) that "each defendant is obligated to turn over to the
league its rights to operate a team in the area in which it operated a Northern League team"; (3)
that "the League is entitled to collect on the letters of credit provided for in paragraph 2 of the
constitution"; and "damages for the losses caused by the defendants." (Cmplt., Prayer for relief).

## II.
### THE COMPLAINT DOES NOT MEET THE NOTICE PLEADING
### REQUIREMENTS OF RULE 8(A) AND MUST BE DISMISSED
### PURSUANT TO RULE 12(B)(6)

Under the current notice pleading standard in federal courts, a plaintiff need not plead
facts that, if true, establish each element of a cause of action..... However, any
conclusions pled must provide the defendant with at least minimal notice of the
claim and the plaintiff cannot satisfy federal pleading requirements merely by
attaching bare legal conclusions to narrated facts which fail to outline the bases of
his claims. The Seventh Circuit has explained that one pleads a claim for relief by

6

briefly describing the events. <u>Local 15, International Brother of Electrical</u>
<u>Workers v. Exelon Corporation</u>, 2005 WL 2453945 (N.D.Ill. Sept. 30, 2005)(Der-
Yeghiayan, J.).

<u>See</u> <u>also</u> <u>Tellabs Inc. v. Makor Issues & Rights, Ltd.</u>, 127 S. Ct. 2499 (2007).

The League's Complaint is wholly deficient. The Complaint does nothing more than affix

exhibits to the Complaint, claim that they have been breached in some unspecified

manner–without pointing to which provisions in the agreements have been breached–and request

a litany of remedies. The Complaint attaches a Settlement and Mutual Release and contends that

a "controversy" has arisen from the agreement. (Cmplt., ¶1). Yet, the agreement is never again

mentioned in the complaint, nor is the controversy outlined or briefly narrated.

Similarly, the League's Constitution and Mr. Gidney's and Mr. Orlich's executory

agreements with the League are attached to the Complaint. (Cmplt., ¶1). While some of the

defendants' purported conduct is described (Cmplt., ¶¶14-21), the Complaint only offers the

uninformative legal conclusion that the alleged conduct violated the parties' Stock Purchase

Agreements and League's Constitution, without providing even a brief narrative or citation to the

contract or Constitutional provisions purportedly violated. This is not permitted. <u>See</u> <u>Local 15,</u>

<u>International Brother of Electrical Workers v. Exelon Corporation</u>, <u>supra</u>, 2005 WL 2453945.

<u>Accord</u> <u>ServPro Industries Inc. v. Schmidt</u>, 1996 WL 400066 (N.D. Ill. July 15, 1996)(conclusory

allegation of contractual breach insufficient, terms breached must be pled); <u>Shah v. Wilco</u>

<u>Systems, Inc.</u>, 126 F.Supp.2d 641, 652-53 (SDNY 2000)(dismissing complaint which alleged

neither contractual provisions breached nor the violation of the provisions); <u>Henry v. Allstate</u>

<u>Insurance Co.</u>, Civ. 07-1738, 2007 WL 2287818 (E.D. La. Aug. 8, 2007)(provisions of insurance

contract purportedly breached must be pled).

7

Moreover, the Complaint impermissibly fails to detail how the League would be entitled under the agreements to any of the relief being sought in ¶22. Cf. Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC, 2007 WL 3047093 at *7 (S.D.Cal. October 16, 2007)(striking pursuant to Rule 12(f) unavailable damage remedies).

### III.
### THE LEAGUE's COMPLAINT VIOLATES RULE 10(b), FED R. CIV. P.

Rule 10(b), Fed. R. Civ. P. provides that "each claim founded on a separate transaction or occurrence...shall be stated in separate counts." Here, in one count the League seeks adjudication of what it has described as "controversies" (Cmplt., ¶1) and seeks to pursue claims that belong to others and which cannot be brought personally against Mr. Gidney and Mr. Orlich. Moreover, it seeks a litany of damages, while impermissibly failing to identify which agreement allows them.[6]

### CONCLUSION

Wherefore, the Complaint must be dismissed.

Respectfully submitted,

ANDREW STAES

STEPHEN SCALLAN

STAES & SCALLAN P.C.
111 West Washington St.
Suite 1631
Chicago, IL 60602
(312) 201-8969

---

[6] The remedies do not appear to be available under any of the agreements. See supra.

8

## CERTIFICATE OF SERVICE

I, Stephen Scallan, hereby certify that I have caused a copy of Mr. Gidney's And Mr. Orlich's Motion To Dismiss to be served upon Mr. William Goldberg, Seyfarth Shaw, 131 S. Dearborn Street, Suite #2400, Chicago Illinois electronically and via U.S. Mail on December 10, 2007.

STEPHEN SCALLAN