**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE NORTHERN LEAGUE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No: 07 C 6585 |
| JEFFREY EARL GIDNEY and P. DANIEL | ) | |
| ORLICH, | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MR. GIDNEY'S AND MR. ORLICH's MOTION
TO VACATE OR MODIFY COURT'S ORDER OF MARCH 3, 2008**

On March 3, 2008, we received electronic notice of the Court's order of that date, which remanded the case to state court as a consequence of defects in the initial removal papers. Those papers had provided defendants' residence, as opposed to their citizenship, and they had not adequately described citizenship of Plaintiff. (See Exhibit 1, Order). We respectfully submit that the Court's ruling was in error for two reasons.

First, on February 25, 2008, Plaintiffs filed an Amended Complaint based upon diversity jurisdiction, which supplied the jurisdictional allegations that the Court found lacking in the initial removal papers. (See Exhibit 2, Amended Complaint). Every court that has addressed the issue has concluded that under these circumstances, the district court does have subject matter jurisdiction. "Amending a complaint after removal cures a jurisdictional defect." Gentek Building Products, Inc. v. Sherwin-Williams Co., 491 F.3d 320, 326 (6th Cir. 2007)(collecting

1

cases). Accord Grubbs v. General Electric Corp., 405 U.S. 699 (1972)("an erroneous removal need not cause the destruction of a final judgment if the requirements of federal subject matter jurisdiction are met at the time the judgment is entered"); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 73 (1996)(plaintiff who fails to object to removal waives any challenge to that removal once a jurisdictional defect is cured); Bernstein v. Lind-Waldock & Co., 738 F.2d 179, 185-86 (7th Cir. 1984)(Posner, J.)("once he decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint, he was bound to remain there....He cannot be permitted to invoke the jurisdiction of the federal court and then disclaim it when he loses").

Here, the Northern League has not even objected to federal jurisdiction, and the Amended Complaint adds six additional plaintiffs and two additional defendants. Under these circumstances, the Amended Complaint cannot be dismissed based on a notice of removal that has been pleaded over by a complaint that expressly invokes federal jurisdiction. Thus, the case should be reinstated *nunc pro tunc,* as the notice of removal is no longer at issue.

Second, even if there had not been an amended complaint which cured the defects, defendants are permitted to cure subject matter jurisdiction allegations by way of an amended notice of removal pursuant to 28 U.S.C. §1653. See Northern Illinois Gas Company v. Airco Industrial Gases, 676 F.2d 279 (7th Cir. 1982); Crumer v. Target Corporation, 2007 WL 4225735 (S.D.Ill. September 6, 2007); Eltman v. Pioneer Communications of America, Inc., 151 FRD 311 (N.D.Ill. 1993). Accord 14C Federal Practice & Procedure, (3d Ed.) §3733 ("the amendment of the removal notice may seek to accomplish one or more of several objectives: It may correct an imperfect statement of citizenship or state the previously articulated grounds more fully or correct the jurisdictional amount").

Attached here to as Exhibit 3 is defendants' amended notice of removal, which conforms with the Court's ruling.

We respectfully request that the court vacate its order of March 3, 2008 and in the interim, hold in abeyance its instructions to the clerk of the court.

Respectfully submitted,

ANDREW STAES

STEPHEN SCALLAN

STAES & SCALLAN P.C.
111 West Washington St.
Suite 1631
Chicago, IL 60602
(312) 201-8969

3