Case 1:07-cv-06585   Document 28-2   Filed 03/03/2008   Page 1 of 2
Order Form (01/2005)
Case 1:07-cv-06585   Document 27   Filed 03/03/2008   Page 1 of 2

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6585 | **DATE** | 3/3/2008 |
| **CASE TITLE** | The Northern League, Inc., et al. vs. Jeffery Earl Gidney, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby ordered remanded to the Circuit Court of Cook County (07 CH 30842). All prior orders and filings are stricken. All pending dates are hereby stricken as moot. All pending motions are hereby denied as moot without prejudice. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

The court is under an obligation to "independently determine" whether there is proper subject matter jurisdiction in an action brought before it. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007); *see also Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003)(stating that a district court judge should not accept "jurisdictional allegations at face value"). In an action that is removed from state court, the removing party must file a notice of removal which contains a statement of the grounds for removal. 28 U.S.C. § 1446(a). If diversity of citizenship jurisdiction is the basis for removal, the removing party must allege the citizenship of each party in the action. *Thomas*, 487 F.3d at 533 (stating that "a naked declaration that there is diversity of citizenship is never sufficient").

The instant action was filed in state court by Plaintiff The Northern League, Inc. ("Northern League") against Defendants Gidney and Orlich. Gidney and Orlich removed the matter to this court and filed a notice of removal. Our review of the notice of removal reflects that it did not properly allege the citizenship of the parties. The notice of removal filed by Gidney and Orlich stated only that Gidney is a "resident of Winnipeg, Manitoba, Canada" and that Orlich "is a resident of Riviera Beach, Florida." (Not. Rem. Par. 4). Diversity of citizenship cannot be established by merely alleging the residency of the parties, since it is not

*Exhibit 1*

## STATEMENT

diversity of residency that establishes jurisdiction, but rather diversity of citizenship. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)(stating that "residence and citizenship are not synonyms and it is the latter that matters for the purposes of diversity jurisdiction"). The notice of removal also failed to properly allege the citizenship of the Northern League, stating only that the Northern League is "a South Dakota corporation" which "maintains offices in Minneapolis, Minnesota and Soquel, California." (Not. Rem. Par. 4). A corporation is not a citizen of a state where it maintains offices, but is rather a citizen of the state where it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c). The notice of removal did not allege the state of Northern League's principle place of business. Thus, the notice of removal was defective in this case and this court lacks subject matter jurisdiction. Therefore, this matter is remanded to state court. All prior orders and filings are stricken. All pending motions are denied as moot without prejudice.